UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

V.                                         **Case No:  2:12-CV-267-FtM-99SPC**

**JOHN DOE 1-67,**

    **Defendants.**
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #2) filed on May 29, 2012 and Plaintiff's Motion for Expedited Hearing (Doc. #7) filed on July 2, 2012.

On May 5, 2012, the Plaintiff, Malibu Media, LLC, filed the instant copyright infringement action (Doc. #1), alleging that each John Doe Defendant is liable for direct copyright infringement in violation of 17 U.S.C. §§ 101 *et seq.* and contributory copyright infringement. Subsequent to the filing of the Complaint, the Plaintiff filed the instant motion to take early discovery on May 29, 2012.

The Plaintiff alleges that each of the Defendants copied and distributed the motion picture "Lunchtime Fantasy" ("the Work"), to which Plaintiff is the copyright owner. Plaintiff contends that the file containing the subject Work is so large that the Defendants' computers must have worked collaboratively with each other through a P2P network to effectuate a complete download and redistribution of the Work. A P2P network is an online media distribution network that allows users to make copies and transfers of files between other internet users. In this instance, the Plaintiff alleges that the Defendants used a "BitTorrent protocol."

With regard to the instant Motion, Plaintiff alleges that it does not know Defendants' names and addresses and therefore is unable to locate them to effect service of process. Plaintiff has been able to obtain only the IP addresses for each of the Defendants and the ISP for each IP address. The Plaintiff states that while the identity and address of every infringer is not currently known, upon information and belief, each act or a majority of the copyright infringements may be traced to Defendants with a physical address located within the Middle District of Florida.

Plaintiff states that it owns the copyright to the Work. (Doc. #1 at ¶¶11-13). The Plaintiff alleges that the John Doe Defendants, without Plaintiff's consent or permission, used a peer-to-peer file sharing protocol to reproduce and distribute the film or portions of the film. As a result, Plaintiff alleges that he has incurred monetary damages, including lost sales, price erosion, and a diminution of the value of its copyright. Plaintiff seeks monetary and injunctive relief, and costs and attorneys' fees. The Plaintiff requests that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the John Doe Defendants so that Plaintiff may complete service of process on them.

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. Proc. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. Patrick Collins Inc. v. Does 1-1219, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards). "A plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." Penalbert-Rosa v.

2

Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008). In addition, some courts also analyze a defendant's First Amendment right to privacy in determining whether to allow the discovery. In these cases, courts require Plaintiff to (4) specify the discovery requested, (5) demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. Sony Music Entertainment v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

In this case, Plaintiff has satisfied the above-listed factors. First, Plaintiff has made a concrete showing of a prima facie claim of copyright infringement. In its Complaint, the Plaintiff asserts that it holds the copyright on the Work contained in the siterip. (Doc. #1 at ¶¶ 11-13). Further, the signed declaration of Tobias Fieser states that the Plaintiff's research has indicated that the Works have been infringed upon and that he was able to isolate the transactions and the IP addresses being used on the peer-to-peer network to reproduce, distribute, display, or perform Plaintiff's copyrighted works. (Doc. #2-2).[1] "Moreover, the use of P2P systems to download and distribute copyrighted music has been held to constitute copyright infringement." Sony Music, 326 F. Supp. 2d at 565-66. Second, Plaintiff has established that it lacks any other means of obtaining the subpoenaed information. Plaintiff only has the IP addresses and cannot locate any further information. Rather, once the IP addresses, plus the date and time of the

---

[1] Plaintiff hired IPP, Ltd., a company that provides, among other things, forensic investigation services to copyright owners. (Doc. #2-2 at 1–2). Fieser is employed by IPP, Ltd.

detected and documented infringing activity are provided to the ISP, the ISPs can access the identifying information of the subscriber. It appears that Plaintiff has taken all of the steps it can to identify the John Doe Defendants. Third, Plaintiff, through the Declaration of Tobias Fieser, informs the Court that "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." (Doc. #2-2 ¶ 11). Thus, there is a chance that the ISPs will destroy the logs needed by Plaintiff.

Fourth, Plaintiff has sufficiently described the John Doe Defendants by listing the IP address assigned to them on the day Plaintiff alleges the Defendant engaged in the infringing conduct in a chart attached to the Complaint. (Doc. #1-2). Fifth, Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement. Sixth, and finally, Plaintiff's interest in knowing Defendants' true identities outweighs Defendants' interests in remaining anonymous. Plaintiff has a strong legitimate interest in protecting its copyrights and it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs. "[A] number of other jurisdictions who have deemed that a file sharer's First Amendment right to anonymity is "exceedingly small." Call of the Wild Movie, LLC v. Does 1-1062 et al., 770 F. Supp. 2d 332, 347-48 (D.D.C. 2011).

Based on the above discussion of the factors, the Court finds that the Plaintiff has demonstrated good cause to grant Plaintiff leave to conduct early discovery to identify the John Doe Defendants. With regard to Plaintiff's request for hearing (Doc. #7), the Court finds that a hearing on this issue is not necessary

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #2) is **GRANTED**.

(2) Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Motion. Plaintiff shall attach to any such subpoena a copy of the Complaint, Motion, and this Order.

(3) Plaintiff may also serve a Rule 45 subpoena in the same manner as above or on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

(4) Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons (A) who provides cable services over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed

by sending a copy of the Complaint, the Motion and this Order to the Defendant.

(5) The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its consumers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

(6) Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

(7) Plaintiff's Motion for Expedited Hearing (Doc. #7) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of July, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record